United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INSTITUTO MEXICANO DEL SEGURO SOCIAL, | § § § § | |
| Plaintiff, | § § | CASE NO. 4:18-CV-00121-ALM-KPJ |
| v. | § § | |
| ORTHOFIX INTERNATIONAL N.V., | § § | |
| Defendant. | § § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 31, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #37) was entered, containing proposed findings of fact and recommendations that Defendant Orthofix International N.V.'s ("Defendant" or "Orthofix") Partial Rule 12(b)(6) Motion to Dismiss (the "Partial Motion to Dismiss") (Dkt. #6) be granted.

Plaintiff Instituto Mexicano Del Seguro Social's ("Plaintiff" or "IMSS") filed objections to the Report (the "Objections") (Dkt. #39), to which Defendant filed a response (Dkt. #41). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

# I. BACKGROUND

Plaintiff asserts the following causes of actions in the instant lawsuit: (1) breach of contract under Texas law for alleged breach of the settlement agreement; (2) Breach of Fiduciary Duty; (3) Fraud; (4) Civil Conspiracy to Commit Fraud; (5) Violation of Articles 50 and 60 of the Law of Acquisitions, Leases and Services of the Public Sector under Mexican law; and (6) Breach of Contract under Mexican law.

As set forth in the Report (Dkt. #37), this case is the fourth in a series of suits involving IMSS and Orthofix. IMSS is a social service agency of the Mexican government that provides public services, including health care services, to Mexican citizens. *See* Dkt. #1 at ¶¶ 11-12, 15-16. Orthofix is a multinational corporation involved in the development, manufacture, and marketing of orthopedic medical devices. *Id.* at ¶¶ 13, 17. All four actions relate to an alleged bribery scheme between Orthofix and certain IMSS hospital officials, wherein Orthofix paid bribes to these hospital officials in return for agreements to purchase Orthofix products.

*Instituto Mexicano del Seguro Social v. Orthofix International N.V.*, Case No. 4:14-cv-00638 (the" Previous Lawsuit"), filed on October 3, 2014, is relevant here in that the present lawsuit asserts five of the same causes of action that were dismissed with prejudice pursuant to the parties' joint motion to dismiss in the Previous Lawsuit. *See* Case No. 4:14-cv-00638, Dkts. 66, 67 (collectively, the "Dismissal Order"). Plaintiff's second through sixth claims in the present lawsuit were adjudicated in the Previous Lawsuit. *See id.* Thus, the only new claim is for breach of contract under Texas law for alleged breach of the parties' settlement agreement in the Previous Lawsuit.

Defendant's Partial Motion to Dismiss argues that because Claims Two through Six (the "Adjudicated Claims") were dismissed with prejudice in the Previous Lawsuit, they are barred

by *res judicata*. *See* Dkt. 6, Sealed. Plaintiff responds that because Defendant breached the settlement agreement, Plaintiff is entitled to reassert its original claims. *See* Dkt. 14 at 2.

## II.  DISCUSSION

Plaintiff merely reargues the same points made previously and fail to establish any error, other than it disagrees with the conclusion. Plaintiff continues to argue the mere allegation of breach of a settlement agreement automatically entitles it to relief from the Dismissal Order and allows it to re-file the Adjudicated Claims. As the Magistrate Judge explained, Plaintiff's argument fails because it rests solely on inapplicable state law cases governing settlement agreements entered into outside of litigation, where no *res judicata* was involved. *See* Dkt. 37 at 6. "The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). As the Magistrate Judge further explained, Plaintiff "fail[ed] to offer any credible authority to persuade the Court that Texas state contract law governing private agreements (such as the settlement agreement between IMSS and Orthofix) governs this action or compels this Court to reopen claims that have been dismissed with prejudice." Dkt. 37 at 6. The Court agrees with the Magistrate Judge's conclusion that Plaintiff's reliance on state court cases is unavailing to determine *res judicata* in federal court.

Plaintiff's sole Fifth Circuit case, *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599 (5th Cir. 1986), does not support Plaintiff's position, as it does not hold, as Plaintiff argues, that a non-breaching party can unequivocally reinstate the dismissed claims. *Stipelcovich* merely reiterates that when a settlement agreement is breached, the plaintiff can *either* bring an action to enforce the settlement agreement *or* a rule 60(b)(6) motion to vacate the prior dismissal and reinstate the case. *Id*. at 605 (internal citations omitted). Based on the foregoing, the Court

finds no error in the Magistrate Judge's *res judicata* analysis, and Plaintiff's Objections in this regard are **OVERRULED**. For reasons that are unclear, Plaintiff also complains that the Magistrate Judge failed to address Defendant's release argument. To the extent this is an objection, it is also **OVERRULED**.

Plaintiff next argues that the Court can vacate the "agreed judgment" in this case because it "results not from adjudication but from a basically contractual agreement of the parties." *See* Dkt. 39 at 5 (quoting 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4443[1] (2d ed. 2018)). However, Wright & Miller also states "a voluntary dismissal with prejudice under Subdivision (a) [of Rule 41] normally will act as a bar to a subsequent action between the same parties . . . on the same claim." 9 WRIGHT & MILLER, *supra*, § 2373. That is the case here. Further, the footnote to the Wright & Miller quotation relied upon by Plaintiff cites to cases that apply *res judicata* and the requirements of Rule 60(b) with full force to agreed judgments. *See Arlin-Golf, LLC v. Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011) (applying *res judicata* principles to affirm dismissal of a complaint on a 12(b)(6) motion); *Campaniello Imports, Ltd. v. Saporiti Italia S.P.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (affirming dismissal of complaint on a 12(b)(6) motion and finding complaint did not qualify as Rule 60(d)(1) action because plaintiff had a remedy at law in the form of a breach of settlement claim); *D'Amario v. Butler Hosp.*, 921 F.2d 8, 10 (1st Cir. 1990) (affirming 12(b)(6) dismissal of complaint based on *res judicata*). Moreover, the cases cited by Plaintiff, *see, e.g., Empresa Electrica Del Ecuador, Inc. v. Republic of Ecuador*, 191 F.R.D. 323, 324–35 (D.D.C. 2000), do not support Plaintiff's position that it can sidestep

---

[1] Incorrectly cited as § 443 in Plaintiff's Objections. *See* Dkt. 39 at 5.

the *res judicata* effect of the Dismissal Order by alleging breach of the settlement agreement. Accordingly, the Court rejects this argument, and Plaintiff's Objection is **OVERRULED**.

Next, Plaintiff argues, for the first time, that the Court should treat the Complaint as a Rule 60(b)(6) motion or an "independent action" under Rule 60(d)(1). Dkt. 39 at 6. This argument fails for several reasons. First, Plaintiff raises a theory that has not been previously pleaded or raised before the Magistrate Judge. Plaintiff cannot offer new arguments for the first time through objections. "The filing of objections is not an opportunity to . . . present new arguments. Nor is it an opportunity to infer facts or arguments that were not actually present in the pleadings and [motion to dismiss] response." *Weidner v. Nationwide Prop. & Casulaty Ins. Co.*, 2014 WL 8494527, at *1 (E.D. Tex. 2014) (quoting *Green v. Bank of America, N.A.*, 2013 WL 6178499, at *1 (E.D. Tex. 2013); *see also Agenbroad v. Mcentire*, 2014 WL 12551224, at *2 (E.D. Tex. 2014), aff'd, 595 F. App'x 383 (5th Cir. 2014); *Rich v. Palko*, 2018 WL 1306656, at *1 (E.D. Tex. 2018). "The parties are not permitted to use briefing before the Magistrate Judge as a test run, and are required to offer all arguments at the time of first briefing. Otherwise, the parties' arguments are subject to waiver." *Agenbroad*, 2014 WL 12551224, at *2. Moreover, even if the Court considered Plaintiff's new argument, the Court finds it meritless.

Plaintiff's new argument appears to arise from a single line in the Report: "[W]hile relief from judgment in the First IMSS Lawsuit may have been properly sought by way of a Rule 60(b)(6) motion, no such motion was ever filed." *See* Dkt. 37 at 6. Plaintiff's reliance on this statement is misplaced, as the statement merely observes that Plaintiff *could have* sought relief from judgment in the Previous Lawsuit but failed to properly do so. Furthermore, to the extent Plaintiff argues the Report is "premised entirely" on Plaintiff's waiver of Rule 60 relief (*see* Dkt. 39 at 6), Plaintiff's argument is rejected. The Report says nothing about waiver of Rule 60

5

relief but rather, notes that Plaintiff did not avail itself of such procedure. As stated in the Report: "Plaintiff's attempt to reinstate the Adjudicated Claims by filing a new lawsuit is procedurally improper, and the dismissal with prejudice in the [Previous] Lawsuit bars those same claims in the instant lawsuit." *Id*. at 8. The Court agrees. Plaintiff never properly invoked Rule 60(b)(6) in the Previous Lawsuit, and it is not entitled to do so here by way of a new action.

Plaintiff's Rule 60(d) independent action argument is likewise futile. An independent action cannot be made a vehicle for the relitigation of issues. *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). As noted by the Fifth Circuit, "[c]ourts have consistently held that a party is precluded by *res judicata* from relitigation in [an] independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Id*. As previously explained, Plaintiff had such an opportunity and failed to avail itself of it. Plaintiff's request for leave to amend the Complaint is similarly futile. The Dismissal Order remains in place, no relief therefrom has been granted, and no amendment to the Adjudicated Claims can change the *res judicata* effect of the Dismissal Order. Accordingly, Plaintiff's Objections to the Report are **OVERRULED**.

### III. CONCLUSION

Based on the foregoing, Plaintiff has failed to demonstrate any legal or factual error made by the Magistrate Judge that would lead the Court not to adopt the report. Accordingly, Defendant's Partial Rule 12(b)(6) Motion to Dismiss (Dkt. #6) is **GRANTED**, and the following claims are **DISMISSED WITH PREJUDICE**: Count Two, Breach of Fiduciary Duty; Count Three, Fraud; Count Four, Civil Conspiracy to Commit Fraud; Count Five,

6

Violation of Articles 50 and 60 of the Law of Acquisitions, Leases and Services of the Public Sector under Mexican law; and Count Six, Breach of Contract under Mexican law.

Only Count One, Plaintiff's Breach of Contract Claim under Texas law for alleged breach of the settlement agreement, shall proceed.

**IT IS SO ORDERED**.
**SIGNED this 24th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE